**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DARIUS POWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:09-cv-00957** |
| | ) | |
| **JEWELL WINN, officially and individually,** | ) | **Judge Thomas A. Wiseman, Jr.** |
| **GEORGE HENDRICKS, officially and** | ) | |
| **individually, RON BROOKS, officially and** | ) | |
| **individually, TENNESSEE STATE UNIVERSITY,** | ) | |
| **and the TENNESSEE BOARD OF REGENTS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Plaintiff brings suit against Defendants Jewell Winn individually and in her official capacity, George Hendricks individually and in his official capacity, and Ron Brooks individually and in his official capacity (the "Individual Defendants"), as well as Tennessee State University ("TSU") and the Tennessee Board of Regents ("TBR") for alleged violations of the Family and Medical Leave Act, 29 U.S.C. ch. 28 ("FMLA"), the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("RA"), the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* ("THRA") and the Tennessee Disability Act, Tenn. Code An. § 8-50-103 ("TDA"). Defendants have now filed a motion to dismiss all but one of the claims asserted in the complaint (Doc. No. 4). Specifically, Defendants do not move to dismiss the RA claim against defendant TSU, but with respect to all the other claims in the Complaint they assert that:

(1) All FMLA claims asserted against the Individual Defendants in their individual capacities must be dismissed for lack of jurisdiction and failure to state a claim because the FMLA does not impose liability on individual employers who themselves are employed by a public agency;

(2) All FMLA claims asserted against TSU and TBR must be dismissed for lack of jurisdiction and failure to state a claim because the FMLA did not effectively abrogate states' and state agencies' Eleventh Amendment immunity for alleged violations of the self-care provisions of the FMLA;

(3) All FMLA claims against the Individual Defendants in their official capacities must be dismissed for lack of jurisdiction and failure to state a claim because suit against these individuals in their

official capacities is tantamount to suit against the state, which is barred by the Eleventh Amendment;

(4) All individual-capacity claims asserted against the Individual Defendants for alleged violations of the THRA and the TDA must be dismissed for lack of jurisdiction and failure to state a claim because, "under the express language of the TDA, the aiding and abetting provisions contained in the THRA do not apply to claims of disability discrimination" (Doc. No. 4, at 2);

(5) All THRA and TDA claims against TSU and the TBR must be dismissed for lack of jurisdiction and failure to state a claim because the Tennessee legislature has not waived the state's immunity to such claims in federal court;

(6) All RA claims against the Individual Defendants in their individual capacities must be dismissed for lack of jurisdiction and failure to state a claim because the RA does not authorize claims against individuals;

(7) All RA claims against the TBR must be dismissed for failure to state a claim because the plaintiff does not allege that the TBR is an "employer" as that term is defined by the Act; and

(8) Plaintiff's claim for punitive damages under the RA must be dismissed for failure to state a claim.

Powell's initial response to the Defendants' motion is to move for permission to consolidate his claims in this case with those brought in a related case pending in the Chancery Court for Davidson County Tennessee, Case No. 08-2128-I. (Doc. No. 6.) In the alternative, Powell responds in opposition to some, but not all, of the Defendants' arguments. The Court will address the disposition of each of the claims Defendants seek to dismiss in turn.

## A.   DEFENDANTS' MOTION TO DISMISS

### 1.   FMLA Claims against the Individual Defendants in their Individual Capacities

Powell concedes that the Sixth Circuit has expressly held that the FMLA does not impose individual liability on public-agency supervisors, *Mitchell v. Chapman*, 343 F.3d 811, 833 (6th Cir. 2003), *cert. denied*, 542 U.S. 937 (2004), so his FMLA claims against Winn, Hendricks and Brooks in their individual capacities are subject to dismissal. Defendants' motion to dismiss those claims will therefore be granted.

### 2.   FMLA Claims against TSU and the TBR

Powell apparently concedes that Sixth Circuit law precludes claims against TSU and the TBR for alleged violations of the self-care provisions of the FMLA, on Eleventh Amendment grounds. He contends, however, that he did not actually assert FMLA claims against TSU and the TBR. Rather, he insists, he "reserve[d] the right to later present the issue of whether Defendants TSU and TBR may be held liable under the self-care provisions of the FMLA to the *en banc* Sixth Circuit Court of Appeals and/or the United States Supreme Court in the event of any appeal by any party in this action." (Pl.'s Resp. (Doc. No. 6), at 4 (quoting Compl. ¶ 27).) On that basis he asserts the Defendants' motion should be denied with respect to any purported FMLA claim asserted against TSU and the TBR.

The plaintiff does not, however, cite to any authority that would permit him to appeal an issue that was neither raised nor litigated in the trial court. Generally speaking, in order to appeal the district court's disposition of a claim, the plaintiff must actually have brought the claim in that court. *Cf.* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . ."); *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 333 (1980) ("Congress has vested appellate jurisdiction in the courts of appeals for review of final decisions of the district courts. 28 U.S.C. § 1291. Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom. A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it."). The Court will therefore construe the Complaint as attempting to assert a claim against TSU and the TBR for alleged violation of the self-care provisions of the FMLA, and will grant the motion to dismiss those claims on Eleventh Amendment grounds pursuant to *Touvell v. Ohio Department of Mental Retardation*, 422 F.3d 392 (6th Cir. 2005).

**3.     The FMLA Claims against the Individual Defendants in their Official Capacities**

Powell asserts that the Individual Defendants may be held liable in their official capacities for equitable relief, including declaratory and prospective injunctive relief, for FMLA violations under *Ex parte Young*, 209 U.S. 123 (1908), an exception to the doctrine of sovereign immunity. Applicable case law from the Supreme Court and the Sixth Circuit, among other Circuits, establishes conclusively that the plaintiff is correct. *See, e.g.*, *Nev. Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 759 (2003) (observing, in *dicta*, that "[t]he [FMLA] is likely a valid exercise of Congress' power under the Commerce

Clause, Art. I, § 8, cl. 3, and so the standards it prescribes will be binding upon the States.  The United States may enforce these standards in actions for money damages; and *private individuals may bring actions against state officials for injunctive relief under* Ex parte Young . . . ." (emphasis added.)); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (recognizing that sovereign immunity "does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law"); *Nelson v. Univ. of Tex.*, 535 F.3d 318, 321–22 (5th Cir. 2008) (reversing the district court's dismissal of the plaintiff's claim against the university president for reinstatement under the FMLA, holding that reinstatement was an acceptable form of prospective relief that may be sought through *Ex parte Young*, and also noting that "almost every circuit court has reached the same result"); *Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir. 2002) (affirming the district court's denial of the defendant's motion to dismiss ADA plaintiff's claim for reinstatement against individual university officials, holding that an ADA claim for reinstatement was prospective and asserted a continuing violation of law, as required by the *Ex parte Young* exception to sovereign immunity).

In support of their motion, Defendants argue only that there is no need to apply the "*Ex parte Young* fiction" in this case because the Rehabilitation Act provides the relief sought by the plaintiff: "Finally, plaintiff asks this court to retain jurisdiction over [the FMLA claims against] the individual defendants under *Ex Parte Young*.  However, because the Rehabilitation Act itself provides for injunctive relief, there is no need to apply the legal fiction of *Ex Parte Young* . . . for the plaintiff to receive his requested remedy."  (Doc. No. 5, at 11 (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996), for the proposition that "[w]here Congress has provided a remedial scheme, the Courts will not imply the existence of additional remedies").)  Defendants, curiously, do not argue that the FMLA itself provides the relief sought and the Court is not entirely certain whether the Defendants' reference to the RA rather than to the FMLA was in error.  If Defendants intentionally referred to the RA rather than the FMLA, the argument is utterly without merit, as the facts required to prove claims under the RA and the FMLA are different, and there is no guarantee that the RA will actually offer a remedy for claims brought under the FMLA.

If in fact Defendants intended to rely on the provision of the FMLA that authorizes injunctive relief, *see* 29 U.S.C.A. § 2617(a)(1)(B) (authorizing recovery of "equitable relief as may be appropriate,

including employment, reinstatement, and promotion"), the statutory scheme here is clearly distinguishable from that at issue in *Seminole Tribe*, where the Supreme Court declined to apply *Ex parte Young*. In *Seminole Tribe*, the statute in question, the Indian Gaming Regulatory Act, incorporated its own "carefully crafted and intricate remedial scheme" which would have been rendered entirely superfluous if courts permitted claimants to bring suits under *Ex parte Young* instead. 517 U.S. at 72–75. Such is not the case under the FMLA.

Defendants' motion to dismiss the FMLA against the Individual Defendants in their Official Capacities will therefore be denied.

**4.      The THRA and TDA Claims against All Defendants**

Powell concedes that his state-law claims against TSU and the TBR must be dismissed for lack of jurisdiction because the Tennessee legislature has not waived the state's immunity to such claims in federal court.  The Court will therefore grant the Defendants' motion to dismiss those claims without prejudice to the plaintiff's ability to pursue them in state court.

Powell, however, contests Defendants' assertion that his state-law claims against the Individual Defendants must be dismissed, arguing that the "aiding and abetting" provisions of the THRA are not the only potential avenues for relief against the individual defendants under the referenced statutes.  Without addressing the merits of the parties' arguments, the Court finds that compelling reasons exist for declining to exercise jurisdiction over the state-law claims asserted against the Individual Defendants.

There is no dispute that this Court has original jurisdiction over Powell's federal claims.  28 U.S.C. § 1331.  The Court also has supplemental jurisdiction over any related state-law claims against the Individual Defendants.  *See* 28 U.S.C. § 1367(a) (district courts shall have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").   A district court may, however, decline to exercise such supplemental jurisdiction over a state law claim if:  (1) the state claim raises a novel or complex issue of State law; (2) the state claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in "exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).  "Congress's use of the word 'other' to modify 'compelling reasons'

indicates that what ought to qualify as 'compelling reasons' for declining jurisdiction under subsection (c)(4) should be of the same nature as the reasons that gave rise to the categories listed in subsections (c)(1)-(3)." *Executive Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994).

Courts generally accept that "compelling reasons for the purposes of [§ 1367](c)(4) . . . should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness and comity." *Id.* at 1557 (internal citations omitted); *see also Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1569 (11th Cir. 1994). When deciding whether to agree or decline to exercise jurisdiction over supplemental state claims, the court considers the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims (including the possibility of jury confusion).

Exceptional circumstances exist in this case: Specifically, all other state-law claims pending in this matter are subject to dismissal for lack of jurisdiction, as set forth above, and the plaintiff is apparently already pursuing all his various state-law claims in a parallel action in the Chancery Court for Davidson County. In fact, the plaintiff has requested that the entire case be consolidated in state court and, more specifically, further requests that he be permitted to voluntarily dismiss his TDA and THRA claims without prejudice so that he may refile those claims in his pending state-court case pursuant to Tenn. R. Civ. P. 41.01. Although Powell would clearly like to be able to bring all his claims in one suit, it appears, as discussed below that it will not be possible for him to do so, because the federal courts do not have jurisdiction over the state-agency defendants for purposes of his state-law claims, and the state-agency defendants are entitled to maintain suit of the federal claims against them in federal court. Consequently, given that the plaintiff will be required to maintain parallel state and federal actions to try all his claims, it makes the most sense to permit the state court to review all of the state claims while the federal court maintains jurisdiction of the non-removable federal claims. In sum, considerations of judicial efficiency, economy, convenience, fairness and comity all compel dismissal of the state-law claims against the Individual Defendants, without prejudice to the plaintiff's ability to continue to pursue them in state court. The Court will therefore grant the motion to dismiss those claims.

**5.      RA Claims against the Individual Defendants**

Powell apparently agrees that he cannot assert claims against the individual defendants under

the RA but asserts that he did not state any such claims in his complaint, so the Defendants' motion on that grounds should be denied.  The Court agrees that, on its face, the Complaint does not purport to state a claim for violations of the RA against the individual defendants.  Defendants' motion to dismiss non-existent claims is without merit.

6.        **The RA Claim against the TBR**

An individual seeking monetary or equitable relief for retaliation under the Rehabilitation Act must discern what remedies are available to them under Title VII.  The enforcement provisions of Title VII permit civil actions against an "employer, employment agency, labor organization, or joint labor-management committee."  42 U.S.C. § 2000e-5(b) (1994).  The term "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person."  42 U.S.C. § 2000e(b) (1994).[1]  Hence, individuals who are not "employers" under that definition cannot be held liable under the Rehabilitation Act.

Defendants assert that the RA claim against TBR must be dismissed under *Ashcroft v. Iqbal*, 556 U.S. ---, 128 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), based upon Powell's failure to allege that the TBR is or ever was his "employer."  In response, Plaintiff points out that he averred in his complaint that "TBR operates TSU and implements policies affecting the terms, conditions, privileges, and benefits of TSU employees' employment" (Compl. ¶ 5), and that all the claims in the Complaint pertaining to his RA claim are asserted against both TSU and the TBR.  The Court agrees with Powell, for purposes of Fed. R. Civ. P. 12(b)(6), that the Complaint adequately alleges that the TBR, in conjunction with TSU, is Powell's "employer" for purposes of the RA claim.  The motion to dismiss the RA claim against the TBR will be denied.  Such ruling is, of course, without prejudice to the Defendants' ability later to move for summary judgment on this issue once the facts have been better developed.

7.        **Punitive Damages under the RA**

Powell has not addressed Defendants' contention that he is not entitled to recover punitive damages under the Rehabilitation Act, and the Court concludes that Powell, if he ever intended to assert

---

[1] This definition of employer is borrowed by the Rehabilitation Act from Title VII.  *See Hiler v. Brown*, 177 F.3d 542, 545–56, n.5 (6th Cir. 1999);

a claim for punitive damages under the RA, he has abandoned any such claim. In any event, the plaintiff is not entitled to recover punitive damages under § 504 of the RA, 29 U.S.C. § 794, the provision implicated in this action. *Moreno v. Consol. Rail Corp.*, 99 F.3d 782, 792 (6th Cir. 1996). The Court will therefore grant the motion to dismiss the claim for punitive damages under the RA, to the extent the Complaint states such a claim.

### 8.      Conclusion

In sum, the Court will grant the Defendants' motion to dismiss all of Powell's state-law claims without prejudice to his ability to refile those claims in the already pending state-court action. With respect to the motion to dismiss certain of Powell's federal claims, the Court will deny Defendants' motion to dismiss the FMLA against the Individual Defendants in their Official Capacities, and deny the motion to dismiss the RA claim against Defendant TBR. In all other respects, the Defendants' motion will be granted.

## B.      PLAINTIFF'S MOTION TO CONSOLIDATE

This Court clearly has federal-question jurisdiction to consider Powell's remaining claims under the FMLA and the RA. While the state court would have concurrent jurisdiction of these claims, Defendants have not consented to be sued on the federal claims in that forum, and the plaintiff has not cited to any authority that would permit this Court to decline to exercise jurisdiction over the federal claims or to require the Defendants to litigate these claims in state court, even were it so inclined. If Powell wants to maintain both federal and state claims against these defendants, he effectively has no choice but to pursue parallel actions in the state and federal courts. The motion to consolidate (Doc. No. 6) will therefore be denied.

An appropriate Order will enter.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge