**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**


| | |
|---|---|
| **DARIUS POWELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 3:09-cv-957** |
| ) | |
| **JEWELL WINN, officially and individually,** ) | **Judge Thomas A. Wiseman, Jr.** |
| **GEORGE HENDRICKS, officially and** ) | |
| **individually, RON BROOKS, officially and** ) | |
| **individually, TENNESSEE STATE UNIVERSITY,** ) | |
| **and the TENNESSEE BOARD OF REGENTS,** ) | |
| ) | |
| **Defendants.** ) | |


## MEMORANDUM OPINION

Defendants Jewell Winn, George Hendricks and Ron Brooks (the "Individual Defendants") have

filed a motion (Doc. No. 17) seeking dismissal of Plaintiff Darius Powell's Tennessee Disability Act

("TDA") claims asserted against them in their individual capacity. The Individual Defendants contend that

the "aiding and abetting provisions" of the Tennessee Human Rights Act do not apply to claims of

disability discrimination. Plaintiff responds that the Tennessee Supreme Court has expressly recognized

that the THRA's "aiding and abetting" provisions apply to discrimination claims, and also that the

Complaint also states a claim against the individual defendants for retaliation and/or discrimination, which

claims are also cognizable under the THRA.

## I.        STANDARD OF REVIEW

In ruling upon a motion to dismiss based upon "failure to state a claim upon which relief can be

granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to construe the

complaint in the light most favorable to the non-moving party and to accept all well pleaded factual

allegations as true in order to determine whether the moving party is entitled to judgment as a matter of

law. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). Further, to

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**II.      PROCEDURAL BACKGROUND**

The Court entered an Order dated January 19, 2010 granting in part and denying in part the Defendants' prior motion to dismiss.  (Doc. No. 12.)   The Court specifically dismissed without prejudice the Plaintiff's state-law claims under the Tennessee Human Rights Act ("THRA") and the Tennessee Disability Act ("TDA"), leaving open the possibility that Plaintiff could pursue those claims in state court. The Court dismissed certain other claims with prejudice, but denied the motion to dismiss Plaintiff's Family and Medical Leave Act ("FMLA") claims against the Individual Defendants in their official capacity, and the Rehabilitation Act ("RA") claims against defendant Tennessee Board of Regents.

Although Defendants argued in their prior motion to dismiss that the individual-capacity claims under the THRA and TDA were subject to dismissal for failure to state a claim, the Court declined to address the merits of Defendants' argument and instead dismissed those claims without prejudice based upon the "exceptional circumstances" provision of 28 U.S.C. § 1367(c)(4).   Specifically, the Court had found that all of Plaintiff's other state-law claims, asserted against the state agency defendants, were subject to dismissal on immunity grounds.   The Court found that it would not be possible for Plaintiff to consolidate all his claims in one action (absent consent by the Defendants), "because the federal courts do not have jurisdiction over the state-agency defendants for purposes of his state-law claims, and the state-agency defendants are entitled to maintain suit of the federal claims against them in federal court." (Doc. No. 11, at 6.)  For reasons of judicial efficiency and comity, the Court granted the motion to dismiss the individual-capacity TDA and THRA claims without prejudice so that Plaintiff could refile those claims in state court.

Shortly after entry of the January 19, 2010 Order, however, the parties filed a joint motion requesting that the Court exercise jurisdiction over the state-law claims that had been dismissed without prejudice.   The Court granted that motion.   (Doc. No. 15.)   In their present motion, the Individual Defendants raise again the substantive arguments also asserted in their first motion to dismiss in support of dismissal of the individual-capacity TDA claims against them.

### III.     THE PRESENT MOTION

In Count III of his Amended Complaint, asserted against "All Defendants," Plaintiff alleges that Defendants discriminated against him because of a disability in violation of the TDA; that they failed reasonably to accommodate Plaintiff's disability in violation of the TDA; that they retaliated against him for requesting a reasonable accommodation in violation of the TDA; and further, that the Individual Defendants specifically "aided and abetted in, or incited, compelled or commanded others to engage in the discriminatory and retaliatory conduct" described in the complaint and therefore "are individually liable for doing so and for retaliating against Plaintiff under the TDA." (Am. Compl., Doc. No. 16, at ¶¶ 29–32.)[1] In the motion now before the Court, Defendants argue that the TDA does not provide for individual liability, and specifically does not incorporate within its provisions the "aiding and abetting" clause of the THRA, Tenn. Code Ann. § 4-21-301.[2]

By its terms, the TDA prohibits "discrimination in the hiring, firing and other terms and conditions of employment of the state of Tennessee or any department, agency, institution or political subdivision of the state . . . against any applicant for employment based solely upon any physical, mental or visual disability of the applicant." Tenn. Code Ann. § 8-50-103(b).    The statute does not expressly indicate who may be sued under the TDA for disability discrimination, but the quoted language strongly suggests that "the state of Tennessee or any department, agency, institution or political subdivision" thereof would be appropriate defendants. It does not indicate that individuals may be sued for disability discrimination.

---

[1] Plaintiff also asserts a claim against all Defendants for violation of the THRA for retaliation and against the Individual Defendants for aiding, abetting, inciting, compelling or commanding others to engage in discriminatory or retaliatory conduct against Plaintiff. (Am. Compl. ¶¶ 34-35.) The present motion does not address that claim.

[2] The "aiding and abetting" provision of the THRA provides as follows:
> It is a discriminatory practice for a person or for two (2) or more persons to . . . [a]id, abet, incite, compel or command a person to engage in any of the acts or practices declared discriminatory by this chapter. . . .

Tenn. Code Ann. § 4-21-301(2). Section 4-21-301 also includes a provision prohibiting retaliation for exercising any rights created by the THRA.

As the Tennessee Supreme Court has recognized, the TDA incorporates many of the definitions and remedies provided by the Tennessee Human Rights Act." *Barnes v. Goodyear Tire & Rubber Co.*, 48 S.W.3d 698, 705 (Tenn. 2000) (citing *Forbes v. Wilson County Emergency*, 966 S.W.2d 417, 420 (Tenn. 1998)). "In this regard," the Tennessee Court of Appeals has noted in an unpublished decision "that the [TDA] only specifically includes the rights provided in Tenn. Code Ann. §§ 4-21-302 – 4-21-311, and the aiding and abetting provision is found in Tenn. Code Ann. § 4-21-301." *Satterfield v. Bluhm*, No. E2003-01609-COA-R3-CV, 2004 WL 833291, at *4 (Tenn. Ct. App. April 16, 2004). The *Satterfield* court therefore found, despite the Tennessee Supreme Court's general recognition that the TDA "embodies the definitions and remedies provided by the Tennessee Human Rights Act," *Barnes v. Goodyear Tire and Rubber Co.*, 48 S.W.3d 698 (Tenn.2000)), that, pursuant to "the express language of the [TDA] . . . the aiding and abetting provisions contained in the THRA do not apply to a claim of handicap discrimination." *Satterfield*, 2004 WL 833291, at *4.[3]

The cases cited by the Plaintiff do not appear to pertain to the TDA or to discrimination claims brought specifically under the TDA. Rather, the *Satterfield* opinion appears to be the only opinion to which either party can cite that specifically addresses the questions presented here: whether the TDA provides for individual liability, that is, whether it incorporates the "aiding and abetting" provision of the THRA, which would allow for individual liability. It does not appear to do so. Based upon this Court's own reading of the statute, further bolstered by the Tennessee Court of Appeal's unpublished decision in *Satterfield*, this Court concludes that the Tennessee Supreme Court, if presented with the issue, would adopt this same conclusion. In the absence of a reported decision from the Tennessee Supreme Court on the relevant issue, this Court will accord deference to the *Satterfield* holding. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 517 (6th Cir. 2001).

_____

[3] As Plaintiff points out, the *Satterfield* court went on to find that, even if the TDA were deemed to encompass an aiding-and-abetting claim, the plaintiff in that case had not presented facts that would support the claim in that case. Plaintiff is incorrect, however, in characterizing as *dictum* the conclusion that the THRA's aiding and abetting provisions do not apply to a claim of handicap discrimination. (*See* Doc. No. 19, at 1 (citing Satterfield, 2004 WL 833291, at *4).)

IV.    **CONCLUSION**

The Individual Defendants conclude their Memorandum by stating that they seek dismissal of "all claims against them in their individual capacities."  (Doc. No. 18, at 5.)  This Court, however, does not construe their Motion as addressing, much less seeking dismissal of, the THRA claims asserted against the Individual Defendants in Count IV of the Amended Complaint.  The motion will be granted insofar as it seeks dismissal of the individual-capacity claims asserted against the Individual Defendants under the TDA for disability discrimination.

An appropriate Order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge